

# Notice of Service of Process

null / ALL
**Transmittal Number: 18754834**
**Date Processed: 09/27/2018**

| | |
|---|---|
| Primary Contact: | Joseph Portela<br>Dragados USA, Inc.<br>810 7th Ave<br>Fl 9<br>New York, NY 10019-9003 |

| | |
|---|---|
| Entity: | Flatiron/Dragados, LLC<br>Entity ID Number 3492069 |
| Entity Served: | Flatiron/Dragados, LLC |
| Title of Action: | Mark Brown vs. Texas Department of Transportation |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Property |
| Court/Agency: | Nueces County District Court, Texas |
| Case/Reference No: | 2018DCV-4710-G |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/26/2018 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | George P. Morrill III<br>361-358-3100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT A

COPY

**Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)**

Case Number: **2018DCV-4710-G**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Flatiron/Dragados, LLC**
      **By Serving  CSC-Lawyers Incorporating Service Company**
      **211 E 7th St Suite 620**
      **Austin TX  78701**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Application For Temporary Restraining Order, Temporary Injunction And Permanent Injunction, And Request For Disclosure With Exhibit A, Attachments A-D, Civil Case Information Sheet;** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable David Stith**, **319th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 17th day of September, 2018.  A copy of same accompanies this citation.
The file number of said suit being Number:  **2018DCV-4710-G**

The style of the case is:  **Mark Brown  vs  Texas Department of Transportation,Flatiron/Dragados, LLC**

Said Petition was filed in said court by **Meredith M Thoms**, attorney for Plaintiff, whose address is PO Box 1538 Beeville TX  78104 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 21st day of September, 2018.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Martha Hominick_ , Deputy
      Martha Hominick

EXHIBIT A

## RETURN OF SERVICE

**2018DCV-4710-G**

**MARK BROWN**
VS
**TEXAS DEPARTMENT OF
TRANSPORTATION,FLATIRON/DR
AGADOS, LLC**

319TH DISTRICT COURT

_____
Name

**ADDRESS FOR SERVICE**
**Flatiron/Dragados, LLC**
By Serving CSC-Lawyers Incorporating Service Company
211 E 7th St Suite 620
Austin TX 78701

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____

_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees: _____ , Officer

Serving Petition and Copy  $_____  _____ , County, Texas

Total  $_____  By _____ , Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is _____ , and my
 (First, Middle, Last)

address is _____
 (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____ , on the _____ day of

of _____ , 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

EXHIBIT A



**Citation for Personal Service –RESIDENT NOTICE (CERTIFIED MAIL)**

Case Number: **2018DCV-4710-G**

THE STATE OF TEXAS

     NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Texas Department Of Transportation**
      **By Serving James M Bass, Executive Director**
      **125 E 11th Street**
      **Austin TX  78701**
the Defendant,

**RECEIVED**

SEP 28 2018

**GENERAL COUNSEL**

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Application For Temporary Restraining Order, Temporary Injunction And Permanent Injunction, And Request For Disclosure With Exhibit A, Attachments A-D, Civil Case Information Sheet;** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable David Stith**, **319th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 17th day of September, 2018.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2018DCV-4710-G**

The style of the case is:  **Mark Brown  vs  Texas Department of Transportation,Flatiron/Dragados, LLC**

Said Petition was filed in said court by **Meredith M Thoms**, attorney for Plaintiff, whose address is PO Box 1538 Beeville TX  78104 .

     The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

     The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

     Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 21st day of September, 2018.

                     **ANNE LORENTZEN, DISTRICT CLERK**
                     NUECES COUNTY, TEXAS
                     901 LEOPARD STREET, ROOM 313
                     CORPUS CHRISTI, TEXAS 78401

                     BY: *Martha Hominick* , Deputy
                     Martha Hominick

EXHIBIT A

## RETURN OF SERVICE

**2018DCV-4710-G**

**MARK BROWN**
**VS**
**TEXAS DEPARTMENT OF TRANSPORTATION,FLATIRON/DR AGADOS, LLC**

319TH DISTRICT COURT

Name _____

**ADDRESS FOR SERVICE**
**Texas Department of Transportation**
By Serving James M Bass,  Executive Director
125 E 11th Street
Austin TX  78701

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

_____

and the cause of failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

| Fees: | | | |
|-------|---|---|---|
| Serving Petition and Copy | $_____ | _____, | Officer |
| Total | $_____ | _____, | County, Texas |
| | | By _____, | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is _____
                    (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

EXHIBIT A

# CIVIL CASE INFORMATION SHEET

Filed
9/17/2018 4:39 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2018DCV-4710-G

**CAUSE NUMBER:** _____    **COURT:** _____

STYLED Mark Brown v. Texas Department of Transportation and Flatiron/Dragados, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Meredith M. Thoms | Email:<br><br>meredith@mthomslaw.com | Plaintiff(s)/Petitioner(s):<br><br>Mark Brown | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br><br>PO Box 1538 | Telephone:<br><br>361-494-1487 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>Beeville, Texas 78104 | Fax:<br><br>361-492-5326 | Defendant(s)/Respondent(s):<br><br>Texas Department of Transportation<br><br>Flatiron/Dragados, LLC | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>/s/ Meredith M. Thoms | State Bar No:<br><br>24046972 | [Attach additional page as necessary to list all parties] | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☒ Other Property:<br>   Nuisance/Inverse<br>   Condemnation | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: | **Other Family Law**<br>☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other | | |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☒ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

EXHIBIT A

Rev 2/13

Filed
9/17/2018 4:39 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2018DCV-4710-G _____

| | | |
|---|---|---|
| MARK BROWN,<br>        PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| | § | _____ JUDICIAL DISTRICT |
| TEXAS DEPARTMENT OF<br>TRANSPORTATION AND<br>FLATIRON/DRAGADOS, LLC,<br>        DEFENDANTS | §<br>§<br>§<br>§ | NUECES COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION, AND REQUEST FOR DISCLOSURE

Plaintiff, Mark Brown (referred to herein as "Plaintiff"), files this Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, and Request for Disclosure against defendants, Texas Department of Transportation (referred to herein as "TxDOT") and Flatiron/Dragados, LLC, a Delaware limited liability company (individually referred to herein as "Flatiron", and together with TxDOT, "Defendants"), and alleges as follows:

#### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief aggregating more than $100,000 and injunctive relief.

#### CLAIM FOR RELIEF

2.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 and nonmonetary relief.

#### PARTIES

3.      Plaintiff, Mark Brown, an individual, resides at 3401 W. Causeway Boulevard, Corpus Christi, Nueces County, Texas 78402.  Plaintiff may be served through his counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure.

EXHIBIT A

4.      Defendant Texas Department of Transportation, a government agency of the State of Texas, may be served with process by serving its Executive Director, James M. Bass, at 125 East 11th Street, Austin, Travis County, Texas 78701 and the Texas Secretary of State, at P.O. Box 12079, Austin, Texas 78711-2079, pursuant to Texas Civil Practice & Remedies Code §101.102.

5.      Defendant Flatiron/Dragados, LLC is a Delaware limited liability company whose principal office is located at 810 7th Avenue, 9th Floor, New York, New York 10019, and may be served with process by serving Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, its registered agent, at 211 E. 7th Street, Suite 620, Austin, Travis County, Texas 78701.

### JURISDICTION

6.      The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### VENUE

7.      Venue for this suit is mandatory in Nueces County under Texas Civil Practice & Remedies Code §15.011 of the because this suit relates to damage to real property and this is the county in which all of the real property is located.

### FACTS

8.      Plaintiff has owned real property located at 3401 W. Causeway Blvd. and 3411 W. Causeway Blvd., Corpus Christi, Nueces County, Texas (the "Property") since approximately July 2010. The Property is comprised of Lots 2, 4, and 6 of Block 103 of the Brooklyn addition of the City of Corpus Christi, Nueces County.  The Property can only be accessed from West Causeway Boulevard, which parallels U.S. Highway 181.  Plaintiff, along with his wife and their four-year-old son, resides in his home located on the Property.

9.      In approximately 2016, TxDOT began a construction project to replace the existing Harbor Bridge and reconstruct portions of U.S. Highway 181, Interstate I-37 and the Crosstown Expressway, and to demolish the existing Harbor Bridge (the "Project").  Flatiron is the independent contractor performing the construction work on the Project.

10.     During Defendants' work on the Project, Plaintiff has experienced unreasonable interference with his right to use and enjoy the Property, including material and substantial

EXHIBIT A

interference with access to the Property. On September 13, 2018, access to the Property was completely obstructed for approximately 3-4 hours while a large crane was moved into place. Plaintiff was provided with no prior notice of the obstruction to allow his family to plan appropriately, nor was he given any indication of its expected duration. During this time, Plaintiff and his wife received notification from their 4-year-old son's school that their son, who is autistic, had escaped from his classroom and had suffered a head injury. Due to the obstruction caused by the Project, Plaintiff was unable to drive his vehicle to the Property to pick up his wife, and was forced to resort to parking nearby, walking in on foot through the Project site to escort his wife to a point where they could then access a vehicle to be able to reach their injured son. Additionally, Plaintiff is routinely forced to drive approximately ten miles out of the way to access the Property.

11.     On approximately September 11, 2018, barricades around the area affected by the Project were relocated, causing large delivery trucks that were attempting to access a nearby facility to enter the Property's driveway and turn around on the Property. One such delivery truck became stuck in the mud on the Property, and Plaintiff had to then assist the driver in resuming the correct route.

12.     The construction activity and the presence of equipment for the Project, such as trucks, cranes and barricades within only a few hundred feet of Plaintiff's home, has made it more difficult and even unsafe for Plaintiff to access the Property, forcing Plaintiff and his family to walk through the Project site on foot and on numerous occasions over the past year to drive their vehicles under cranes while heavy loads are suspended overhead. Defendants utilize cranes and other heavy machinery and equipment to perform work on the Project, and routinely suspend cranes and booms with heavy loads over the Property, creating unsafe conditions on the Property for Plaintiff and his family.

13.     On at least three difference occasions over the past year, Plaintiff has received notifications from the U.S. Postal Service that the postal carrier has been unable to access the Property to deliver mail.

14.     Garbage collection and recycling collection service to the Property has been adversely affected by the Project, and Plaintiff is no longer able to participate in recycling because the service truck is unable to access the Property to collect Plaintiff's recycled trash.

EXHIBIT A

15.     Over the past year, Defendants' work on the Project has produced noise for extended periods of time, often all day long, at decibel levels that could cause permanent hearing loss.

16.     Over the past year, Defendants' work on the Project has produced vibrations that violently shake Plaintiff's home intermittently throughout the day, all day long.

17.     On frequent occasions over the past year, improper use of equipment on the Project has caused oil and other liquids to spray onto the Property, leaving oil residue on Plaintiff's home, vehicles, and hot tub.

18.     Over the past year, the Property has been routinely littered with trash from the Project construction activities, including workers' water bottles.

19.     Due to the proximity of the Project, the privacy afforded to Plaintiff by the privacy fence around his home has become non-existent, as workers now have a direct view to Plaintiff's backyard and hot tub.

20.     Plaintiff's four-year-old son is autistic, and the ability to play outdoors is important for his care.  He is unable to safely play outside on the Property because of the unsafe noise levels and the presence and unsafe operation of the equipment, machinery, and vehicles being used for the Project.  Plaintiff's wife and son must routinely resort to walking or biking through the construction site for purposes of ingress and egress.

21.     Plaintiff has contacted Defendants and notified them of the nuisance created by the Project, requesting that Defendants take steps to minimize their interference with Plaintiff's use and enjoyment of the Property, but Defendants have taken no such action.

22.     Plaintiff attaches the Affidavit of Mark Brown as Exhibit "A" as proof of allegations contained herein and incorporates it by reference.

### CLAIMS

A.     Nuisance

23.     Plaintiff is the owner of and resides upon the Property.

24.     Defendants created and maintain conditions that substantially interfere with and invade Plaintiff's interest in the use and enjoyment of the Property, causing Plaintiff unreasonable discomfort and annoyance and restricting his family's access to and use of the Property.

EXHIBIT A

25.     Defendants have intentionally created and are maintaining the conditions that substantially interfere with and invade Plaintiff's interest in the use and enjoyment of the Property. Defendants have engaged in and continue to engage in activities for the purpose of causing such interference and know that such interference is substantially certain to result.

26.     Defendants have negligently created and are maintaining the conditions that substantially interfere with and invade Plaintiff's interest in the use and enjoyment of the Property. Defendants owe a legal duty to Plaintiff to exercise ordinary care, and Defendants have breached that duty by causing unreasonable discomfort and annoyance to Plaintiffs, restricting their access to the Property, damaging the Property, and failing to employ appropriate mitigation procedures.

27.     The conditions created and maintained by Defendants' breach have proximately caused and continue to cause injury to the Property, which have resulted in market value damages and damages for loss of use and enjoyment caused by the nuisance.

28.     Plaintiff seeks damages within the jurisdictional limits of this Court.

**B.      <u>Inverse Condemnation</u>**

29.     Article I, section 17 of the Texas Constitution provides that "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made...." Tex. Const. art. I, §7.  The level of nuisance caused by Defendants in connection with the Project amounts to an unconstitutional "taking" of Plaintiff's Property.

30.     Defendants have intentionally performed acts in connection with the Project causing identifiable harm to the Property and unreasonably interfering with Plaintiff's right to use and enjoy the Property.  Defendants know that its specific acts are causing identifiable harm and that specific damage is substantially certain to result from such actions or is necessarily a consequential result of the actions.

31.     Defendants' actions in connection with the Project deny Plaintiff of the use of the Property, unreasonably interfere with his right and ability to use and enjoy the Property, and materially and substantially impair access to the Property.

32.     Defendants' actions result in a "taking" of the Property that is incident to the Project, which is a public use.

33.     Defendants' unconstitutional "taking" of the Property has resulted in market value damages.

EXHIBIT A

34.     Plaintiffs seek damages within the jurisdictional limits of this Court.

### EQUITABLE RELIEF

35.     Plaintiff seeks a temporary restraining order, temporary injunction and a permanent injunction to enjoin Defendants from impairing Plaintiff's access to the Property, causing harm to the Property, and unreasonably interfering with Plaintiff's right to use and enjoy the Property.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

36.     Plaintiff asks the Court to enjoin Defendants and their agents, servants, employees, contractors and all other persons in active concert with them, from taking any action that would impair access to the Property, cause damage to the Property, or unreasonably interfere with Plaintiff's right to use and enjoy the Property, including, but not limited to, barricading or otherwise blocking access to the Property; causing vehicles or equipment to be diverted onto the Property; causing cranes, booms or other equipment to be suspended over the Property; causing oil or other fluids or materials to be sprayed onto the Property; causing vibrations to disturb the Property; operating loud machinery at decibel levels that exceed standards prescribed by the Occupational Safety and Health Administration of the United States Department of Labor; or failing to take measures to mitigate damage to the Property resulting from the Project, including erection of barrier walls.

37.     Injunctive relief is proper under Texas Civil Practice & Remedies Code §65.011(1),(5).

38.     The facts alleged in this verified application are supported by Plaintiff's affidavit, which is attached hereto as Exhibit "A" and incorporated herein by reference.

39.     Defendants have created and maintain conditions that substantially interfere with and invade Plaintiffs interest in the use and enjoyment of the Property, causing Plaintiff unreasonable discomfort and annoyance and restricting Plaintiff's access to the Property, providing Plaintiff with grounds for the underlying action and which support Plaintiff's request for temporary injunctive relief.

40.     Defendants' actions set forth herein establish a probable right by Plaintiff to recover from Defendants after a trial on the merits because Defendants' actions are causing harm to the

EXHIBIT A

Property, unreasonably interfering with the right to use and enjoy the Property, impairing access to the Property, and in effect result in an unconstitutional "taking" of the Property.

41.     If Plaintiff's application is not granted, harm is imminent because Defendant will continue to take actions in connection with the Project that cause harm to the Property, unreasonably interfere with the right to use and enjoy the Property, and impair Plaintiff's access to the Property, potentially resulting in jeopardizing the health and safety of Plaintiff and his family and their ability to respond to the needs of their son.

42.     Plaintiff has no other adequate remedy at law, and the harm that will result to the Property and to Plaintiff if the temporary restraining order is not issued is irreparable because Defendants' actions in connection with the Project jeopardize the health and safety of Plaintiff and his family and their ability to respond to the needs of their son, and their right to use, enjoy, and access the Property.

43.     There is not enough time to serve notice on Defendants and to hold a hearing on this application.  Plaintiff needs immediate intervention by the Court to halt Defendants' continued actions, as they are likely to reoccur at any time without notice.

## REQUEST FOR TEMPORARY INJUNCTION

44.     Plaintiff asks this Court to set his application for temporary injunction for a hearing, and following the hearing, issue a temporary injunction against Defendants.

## REQUEST FOR PERMANENT INJUNCTION

45.     Plaintiff asks this Court to set his request for permanent injunction for a full trial on the merits, and after trial, issue a permanent injunction against Defendants.

## CONDITIONS PRECEDENT

46.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

47.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information described in Rule 194.2.

EXHIBIT A

## PRAYER

48.     For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

        (a) Temporary restraining order;

        (b) Temporary injunction;

        (c) Permanent injunction;

        (d) Actual damages;

        (e) Market value damages;

        (f) Prejudgment and postjudgment interest; and

        (g) All other relief to which Plaintiff is entitled.

Respectfully submitted,

MORRILL & MORRILL, PLLC

/s/ George P. Morrill III
George P. Morrill III
State Bar No. 24051086
309 North Washington Street
Beeville, Texas 78102
Tel. (361) 358-3100
Fax. (361) 358-3106
trace_morrill@me.com

MEREDITH THOMS LAW, PLLC

/s/ Meredith M. Thoms
Meredith M. Thoms
State Bar No. 24046972
PO Box 1538
Beeville, Texas 78104
Tel. (361) 494-1487
Fax. (361) 492-5326
meredith@mthomslaw.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT A

2018DCV-4710-G

## EXHIBIT A TO
## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR
## TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND
## PERMANENT INJUNCTION, AND RQUEST FOR DISCLOSURE

### AFFIDAVIT OF MARK BROWN

THE STATE OF TEXAS       §
COUNTY OF _Nueces_       §

Before me, the undersigned authority, on this day personally appeared Mark Brown, who, being first duly sworn, upon his oath states the following:

1. I, Mark Brown, am the "Plaintiff" in this case. I am over the age of eighteen (18) and I am fully competent to make this affidavit. All statements contained in this affidavit are true and correct and are based on my personal knowledge.

2. The images attached hereto as Attachments "A", "B" and "C" are screenshots taken from video that I recorded on the morning of Thursday, September 14, 2018, while standing in front of my property located at 3401 W. Causeway Blvd., Corpus Christi, Nueces County, Texas (the "Property"). The images accurately depict the blockades and machinery obstructing access to the Property.

3. The image attached hereto as Attachment "D" is a photograph taken by me on Thursday, September 14, 2018, while standing in front of the Property. The photograph accurately depicts the crane directly overhead from the route of access to the Property and under which I must drive as I access the Property.

Further affiant sayeth not.

Signed and sworn to on the ___ day of September, 2018.

_Mark Brown_
Mark Brown

SIGNED AND SWORN TO UNDER OATH before me on the ⁷ day of September, 2018, by Mark Brown.

Notary Public, State of Texas

LORI DEEDS
Notary ID # 128415124
My Commission Expires
October 14, 2018

EXHIBIT A

2018DCV-4710-G

## VERIFICATION

STATE OF TEXAS       §
COUNTY OF _NUECES_    §

       Before me, the undersigned authority, on this day personally appeared Mark Brown, whose identity is known to me. After I administered an oath, Mark Brown testified as follows:

       "My name is Mark Brown. I am capable of making this verification. I have read this Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, and Request for Disclosure. The facts stated in paragraphs 8-21 are within my personal knowledge and are true and correct."

_____
Mark Brown

Sworn to and subscribed before me by Mark Brown on September 7, 2018.

_____
Notary Public State of Texas

> LORI DEEDS
> Notary ID # 128415124
> My Commission Expires
> October 16, ...

EXHIBIT A



ATTACHMENT A

EXHIBIT A

ATTACHMENT B



EXHIBIT A

ATTACHMENT C



EXHIBIT A

ATTACHMENT D



EXHIBIT A

**CIVIL CASE INFORMATION SHEET**

2018DCV-4710-G

CAUSE NUMBER: _____  COURT: _____

Filed
9/17/2018 4:39 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

STYLED Mark Brown v. Texas Department of Transportation and Flatiron/Dragados, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

---

**1. Contact information for person completing case information sheet:**

| | |
|---|---|
| Name: | Email: |
| Meredith M. Thoms | meredith@mthomslaw.com |
| Address: | Telephone: |
| PO Box 1538 | 361-494-1487 |
| City/State/Zip: | Fax: |
| Beeville, Texas 78104 | 361-492-5326 |
| Signature: | State Bar No: |
| /s/ Meredith M. Thoms | 24046972 |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
Mark Brown

Defendant(s)/Respondent(s):
Texas Department of Transportation
Flatiron/Dragados, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

---

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

**Civil**

| Contract | Injury or Damage | Real Property |
|---|---|---|
| *Debt/Contract* | [ ] Assault/Battery | [ ] Eminent Domain/ |
| [ ] Consumer/DTPA | [ ] Construction | Condemnation |
| [ ] Debt/Contract | [ ] Defamation | [ ] Partition |
| [ ] Fraud/Misrepresentation | *Malpractice* | [ ] Quiet Title |
| [ ] Other Debt/Contract | [ ] Accounting | [ ] Trespass to Try Title |
| | [ ] Legal | [X] Other Property: |
| *Foreclosure* | [ ] Medical | Nuisance/Inverse |
| [ ] Home Equity—Expedited | [ ] Other Professional | Condemnation |
| [ ] Other Foreclosure | Liability: | |
| [ ] Franchise | | **Related to Criminal** |
| [ ] Insurance | [ ] Motor Vehicle Accident | **Matters** |
| [ ] Landlord/Tenant | [ ] Premises | [ ] Expunction |
| [ ] Non-Competition | *Product Liability* | [ ] Judgment Nisi |
| [ ] Partnership | [ ] Asbestos/Silica | [ ] Non-Disclosure |
| [ ] Other Contract: | [ ] Other Product Liability | [ ] Seizure/Forfeiture |
| | List Product | [ ] Writ of Habeas Corpus— |
| | | Pre-indictment |
| | [ ] Other Injury or Damage: | [ ] Other: |

**Family Law**

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| [ ] Annulment | [ ] Enforcement |
| [ ] Declare Marriage Void | [ ] Modification—Custody |
| *Divorce* | [ ] Modification—Other |
| [ ] With Children | **Title IV-D** |
| [ ] No Children | [ ] Enforcement/Modification |
| | [ ] Paternity |
| | [ ] Reciprocals (UIFSA) |
| | [ ] Support Order |

| Other Family Law | Parent-Child Relationship |
|---|---|
| [ ] Enforce Foreign | [ ] Adoption/Adoption with |
| Judgment | Termination |
| [ ] Habeas Corpus | [ ] Child Protection |
| [ ] Name Change | [ ] Child Support |
| [ ] Protective Order | [ ] Custody or Visitation |
| [ ] Removal of Disabilities | [ ] Gestational Parenting |
| of Minority | [ ] Grandparent Access |
| [ ] Other: | [ ] Parentage/Paternity |
| | [ ] Termination of Parental |
| | Rights |
| | [ ] Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| [ ] Discrimination | [ ] Administrative Appeal | [ ] Lawyer Discipline |
| [ ] Retaliation | [ ] Antitrust/Unfair | [ ] Perpetuate Testimony |
| [ ] Termination | Competition | [ ] Securities/Stock |
| [ ] Workers' Compensation | [ ] Code Violations | [ ] Tortious Interference |
| [ ] Other Employment | [ ] Foreign Judgment | [ ] Other: |
| | [ ] Intellectual Property | |

| Tax | Probate & Mental Health | |
|---|---|---|
| [ ] Tax Appraisal | *Probate/Wills/Intestate Administration* | [ ] Guardianship—Adult |
| [ ] Tax Delinquency | [ ] Dependent Administration | [ ] Guardianship—Minor |
| [ ] Other Tax | [ ] Independent Administration | [ ] Mental Health |
| | [ ] Other Estate Proceedings | [ ] Other: |

---

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court | [ ] Declaratory Judgment | [ ] Prejudgment Remedy |
| [ ] Arbitration-related | [ ] Garnishment | [ ] Protective Order |
| [ ] Attachment | [ ] Interpleader | [ ] Receiver |
| [ ] Bill of Review | [ ] License | [ ] Sequestration |
| [ ] Certiorari | [ ] Mandamus | [X] Temporary Restraining Order/Injunction |
| [ ] Class Action | [ ] Post-judgment | [ ] Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

EXHIBIT A



US POSTAGE >> PITNEY BOWES

ZP 78412 $ 007.63°
0000346919BFF ²⁴ 2018

CERTIFIED MAIL

7017 0530 0000 6124 7401

ANNE LORENTZEN, DISTRICT CLERK
DISTRICT COURTS / COUNTY COURTS AT LAW
P.O. Box 2987
CORPUS CHRISTI, TX 78403

Motion / Angadta, LLC
By Serving its Registered Agent:
Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Co.
211 E. 7th Street, Suite 620
Austin, Texas 78701

LEGAL DOCUMENTS
ENCLOSED

EXHIBIT A